JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
EVETTE BOYLE
222 LEXINGTON ROAD
SCHWENCKSVILLE, PA 19147

**(b)** County of Residence of First Listed Plaintiff   MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
GRAHAM BAIRD, LAWOFFICES OF
ERIC A. SHORE, P.C.; STE 1240
1500 JFK BLVD. PA 19102
PHILADELPHIA
215.627.9999

## DEFENDANTS
PMA MEDICAL SPECIALISTS, LLC
542 N. LEWIS ROAD, STE. 207
LIMERICK, PA 19468

County of Residence of First Listed Defendant   MONTGOMERY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☒ 3   Federal Question *(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government Defendant | ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 U.S.C.§ 2000e-2(a)

Brief description of cause:
SEX DISCRIMINATION / AGE DISCRIMINATION

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 150,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 5/20/16

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

EVETTE BOYLE                         :          CIVIL ACTION
                                     :
                v.                   :
                                     :
PMA MEDICAL SPECIALISTS, LLC         :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✓)


| | | |
|---|---|---|
| 5/20/16 | GRAHAM F. BAIRD | EVETTE BOYLE |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267.546.0131 | 215.923.5951 | Grahamb@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 222 LEXINGTON ROAD, SCHWENCKSVILLE, PA 19147

Address of Defendant: 542 N. LEWIS ROAD STE. 207; LIMERICK, PA 19468

Place of Accident, Incident or Transaction: PHOENIXVILLE, PENNSYLVANIA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☐

Does this case involve multidistrict litigation possibilities?     Yes☐  No☑

*RELATED CASE, IF ANY*:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, GRAHAM F. BAIRD _____, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5/20/16 _____ _____ 92692

Attorney-at-Law     Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/20/16 _____ _____ 92692

Attorney-at-Law     Attorney I.D.#

CIV. 609 (5/2012)

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Evette Boyle<br>222 Lexington Road<br>Schwencksville, PA 19147 | : <br> : <br> : <br> : | JURY DEMANDED |
| Plaintiff, | : <br> : | |
| v. | : <br> : | No. |
| PMA Medical Specialists, LLC<br>542 North Lewis Road, Ste. 207<br>Limerick, PA 19468 | : <br> : <br> : <br> : | |
| And | : <br> : | |
| John Doe Defendants Nos. 1-10 | : <br> : | |
| Defendants | : | |

## CIVIL ACTION COMPLAINT

### I. Parties and Reasons for Jurisdiction.

1.     Plaintiff, Evette Boyle (hereinafter "Boyle") is an adult individual residing at the above address.

2.     Defendant, PMA Medical Specialists, LLC (hereinafter "PMA") is a limited liability corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a headquarters at the above captioned address.  Defendant PMA has availed itself of the laws of the Commonwealth of Pennsylvania.

3.     Defendants John Does Nos. 1-10 are employees who were involved in the following incident set forth in Plaintiff's complaint and at all times material hereto were acting by and on behalf of Defendant PMA in the course and scope of their employment with PMA.

4.     This action is instituted pursuant to the Pennsylvania Human Relations Act and the United States Civil Rights Act.

5.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

6.      Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

7.      Ms. Boyle has satisfied the administrative prerequisites to bringing a civil rights claim.  [Exh. A.]

8.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.  Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal conduct by Defendants as set forth herein.

**II.  Operative Facts.**

9.      On or about August 28, 2008, Ms. Boyle was hired by Defendants as a sleep technician.

10.     From the date of her hire until her termination date, Ms. Boyle worked for Defendant administering sleep studies at Defendant's Phoenixville, Pennsylvania laboratory.

11.     From January 2010 up until the time of her termination, Plaintiff was subject ot a hostile work environment by and through the conduct of her supervisor, Rob Carney and her co-worker, Angelo DeMaio.

12.     The basis for the hostile environment was the fact that Plaintiff was Jewish, a woman and older than the other men who worked in Defendant's laboratory.

13.     On several occasions, her manager, Mr. Carney became hostile to the point of near violence, if not assaultive behavior against Ms. Boyle.

14. On January 13, 2010, Mr. Carney threw a jar of paste at Ms. Boyle's head with such velocity that had she not ducked, she would have been seriously injured.

15. On November 20, 2010, Ms. Boyle raised a disagreement with her co-worker Mr. DeMaio regarding seniority.

16. Defendant's policy at that time was that if there are not enough patients on schedule for two technicians, the technician with the most seniority stays on.

17. Ms. Boyle believed this was an unfair policy and expressed that to Mr. DeMaio, who then referred to Ms. Boyle as a "cunt."

18. Ms. Boyle immediately complained to her direct supervisor of the use of that hostile slur.

19. Mr. Carney advised Ms. Boyle to "work it out between you two," referring to Anthony DeMaio and Ms. Boyle.

20. Ms. Boyle was furious that Mr. DeMaio went unpunished and she found the conduct to be harassing and intimidating.

21. In or around 2010, Ms. Boyle was having a discussion with Mr. DeMaio about their salaries and DeMaio said that the doctors who owned PMA were "money hungry grubbing Jews."

22. Being Jewish herself, Plaintiff was shocked, embarrassed and intimidated by the conduct of Mr. DeMaio.

23. At that point, Ms. Boyle no longer believed she could complain to anyone about DeMaio's statements as Mr. Carney had already demonstrated that he did not find her complaints worthy of intervention after his inaction during the use of the aforementioned slur in 2010.

24. Ms. Boyle continued to be subject to anti-woman, anti-Jewish and anti-aged statements by Defendant's management and employees.

25. Ms. Boyle continued to work in this atmosphere because she is the sole bread winner for her family and needed the employment.

26. Finally, on August 21, 2015, Ms. Boyle was terminated by Defendant.

27. Upon information and belief, a younger non-Jewish man was hired by Defendant to take Ms. Boyle's position.

28. Approximately three weeks prior to Ms. Boyle's termination, Defendant hired two new inexperienced sleep technicians who were significantly youngler than Ms. Boyle, a man and a woman both in their late twenties. These two people were hired as Ms. Boyle's replacement.

29. Carney advised Plaintiff that the Defendant "had no room here for someone like you."

30. DeMaio is still employed by Defendant. He is in his early thirties.

31. Ms. Boyle inquired as to the meaning of his statement of reasons for terminating her employment and Mr. Carney replied, "we owe you nothing, you're done."

32. Defendant fired Ms. Boyle because she was Jewish, a woman and older than her co-workers.

33. As a direct and proximate result of Defendant's conduct in terminating Plaintiff, she sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of back pay, front pay, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

III. Causes of Action.

**COUNT I – EMPLOYMENT DISCRIMINATION**
**(42 U.S.C.A. § 2000e-2(a))**

**(Plaintiff v. Defendants)**

34.   Plaintiff incorporates paragraphs 1-33 as if fully set forth at length herein.

35.   Defendant took adverse action against Plaintiff by terminating her employment.

36.   Plaintiff's status as an a Jewish woman places her in a protected class.

37.   Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to terminate her employment.

38.   Plaintiff suffered disparate treatment, compared to her co-workers at the Phoenixville laboratory as set forth above.

39.   As such, Defendants' decision to terminate Plaintiff's employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

40.   As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

41.   As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

42.   Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Plaintiff demands attorneys fees and court costs.

### COUNT II—AGE DISCRIMINATION IN EMPLOYMENT ACT
### 29 U.S.C.A. §621, et seq.
**(Plaintiff v. Defendant)**

43.   Plaintiff incorporates paragraphs 1-42 as if fully set forth at length herein.

44.    Plaintiff is over forty (40) years of age.

45.    Defendant terminated Plaintiff's employment.

46.    At all times, Plaintiff was qualified to perform the work for which she was hired by Defendant.

47.    Upon information and belief a younger man was hired to perform Plaintiff's job and/or a younger man subsumed all of Plaintiff's job duties at Defendant's Phoenixville laboratory.

48.    As such, Defendant has violated the Age Discrimination in Employment Act, 29 U.S.C.A. §621, et seq.

49.    As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

50.    As a result of the conduct of Defendants' owners/management, Plaintiff hereby demand punitive damages.

51.    Plaintiff demands attorneys' fees and court costs.

### COUNT III—PENNSYLVANIA HUMAN RELATIONS ACT
### 43 Pa.C.S.A. §951, et seq.
### (Plaintiff v. Defendant)

52.    Plaintiff incorporates paragraphs 1-51 as if fully set forth at length herein.

53.    As set forth above, Plaintiff is a member of a protected class.

54.    Defendant terminated Plaintiff's employment.

55.   As set forth above, a motivating factor in the decision to terminate Plaintiff's employment is Plaintiff's religion and sex.

56.   As such, Defendants have violated the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951, et seq.

57.   As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

58.   As a result of the conduct of Defendants' owners/management, Plaintiff hereby demand punitive damages.

59.   Plaintiff demands attorneys' fees and court costs.

**IV.  Relief Requested.**

**WHEREFORE,** Plaintiff, Evette Boyle demands judgment in her favor and against Defendant, PMA Medical Specialists, LLC, in an amount in excess of $150,000.00 together with:

A.   Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B.   Punitive damages;

C.   Attorneys fees and costs of suit;

D.  Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable..

LAW OFFICES OF ERIC A. SHORE, P.C.

BY: _____

GRAHAM F. BAIRD, ESQUIRE
Two Penn Center
1500 JFK Boulevard,  Suite 1240
Philadelphia, PA 19110

Attorney for Plaintiff, Evette Boyle

Date: May 19, 2016

# EXH. A

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Evette Boyle**
**222 Lexington Road**
**Schwenksville, PA 19473**

From:  **Philadelphia District Office**
**801 Market Street**
**Suite 1300**
**Philadelphia, PA 19107**

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2016-00651 | **Legal Unit,** **Legal Technician** | **(215) 440-2828** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒    The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** **before you file suit may not be collectible.**

On behalf of the Commission

**Spencer H. Lewis, Jr.,**
**District Director**

2/23/16
*(Date Mailed)*

Enclosures(s)

cc:

**Human Resources Director**
**PMA**
**826 Main Street**
**Phoenixville, PA 19460**

**Graham F. Baird, Esq.**
**ERIC SHORE LAW OFFICES**
**2 Penn Center, Suite 1240**
**1500 J.F.K. Boulevard, P.O. Box 28519**
**Philadelphia, PA 19102**