IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVETTE BOYLE | : | |
|     Plaintiff, | | |
| v. | : | CIVIL ACTION |
| | | NO. 16-2492 |
| PMA MEDICAL SPECIALISTS, LLC; | | |
| JOHN DOE DEFENDANTS NO. 1-10 | : | |
|     Defendants. | | |

**MEMORANDUM**

Jones, II   J.                                                                       September 6, 2017

## I.   Introduction

Plaintiff Evette Boyle ("Plaintiff") commenced the above-captioned action against Defendant PMA Medical Specialists, LLC ("PMA") and John Doe Defendants No. 1-10, alleging violations of: Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-2(a), *et seq*. ("Title VII") (Count I); Age Discrimination in Employment Act, 29 U.S.C.A. §621, *et seq*. ("ADEA") (Count II); and The Pennsylvania Human Relations Act, 43 Pa. C.S.A. §951, *et seq*. ("PHRA") (Count III). Defendant PMA has filed a motion to dismiss Plaintiff's Complaint for failure to state a claim. For the reasons set forth below, Defendant's Motion shall be granted.

## II.   Background

This case arises out of Plaintiff Evette Boyle's termination from employment at PMA Medical Specialists, LLC. Defendant PMA Medical Specialists, LLC is a limited liability company incorporated and domiciled in the Commonwealth of Pennsylvania. (Compl. ¶ 2.) Defendants John Does are employees who were allegedly involved in the events set forth in

1

Plaintiff's Complaint. (Compl. ¶ 3.) Plaintiff claims her termination was motivated by her status as a Jewish woman who was older than her co-workers. (Compl. ¶ 32.)

On or about August 28, 2008, Plaintiff was hired as a sleep technician by Defendant PMA. (Compl. ¶ 9.) Plaintiff alleges that from January 2010 until her termination, she was the subject of a hostile work environment by the conduct of her supervisor Rob Carney and her coworker, Angelo DeMaio. (Compl. ¶ 11.) On or about January 13, 2010, Mr. Carney allegedly threw a jar of paste at Plaintiff. (Compl. ¶14.) On or about November 20, 2010, Plaintiff raised a disagreement about "seniority" with Mr. DeMaio, who Plaintiff alleges referred to her as a "cunt." (Compl. ¶¶16-17.) Plaintiff Boyle complained to Mr. Carney, who advised Ms. Boyle to "work it out between you two." (Compl. ¶19.) Also in 2010, Plaintiff alleges that as she was having a discussion with Mr. DeMaio about their salaries, Mr. DeMaio said that the doctors who own PMA were "money hungry grubbing Jews." (Compl. ¶ 21.)

On or about August 21, 2015, Defendant terminated Ms. Boyle's employment. (Compl. ¶ 26.) Plaintiff learned three weeks prior to her termination that Defendant hired two new sleep technicians who were younger than Ms. Boyle and were not Jewish. (Compl. ¶¶ 27-28.) Plaintiff alleges that Mr. Carney told her Defendant "had no room here for someone like you." (Compl. ¶29.) When Plaintiff inquired as to the meaning of his statement, he allegedly told her "we owe you nothing, you're done." (Compl. ¶ 31.)

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and on February 23, 2016, was issued a right-to-sue letter. (Compl. Ex. A.) On or about February 28, 2016, the EEOC right-to-sue letter reached Plaintiff's counsel. (Compl. Ex. A.) On March 24, 2016, Defendant PMA filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

(Def.'s Ex. A.) On or about May 20, 2016, Plaintiff filed the instant federal civil action Complaint. (ECF No. 1.) However, the bankruptcy petition had the effect of staying Plaintiff's action against Defendant in this Court. (ECF No. 8.) On or about May 4, 2016, the bankruptcy court entered an Order setting July 8, 2016 as the general bar date for filing proofs of claim. (Def.'s Mot. Dismiss Ex. B.) On May 24, 2016, Plaintiff mailed a copy of the Complaint to Defendant. (Pl.'s Br. Opp'n Mot. Dismiss 1.) On or about June 2, 2016, PMA filed an amended schedule of unsecured claims with the bankruptcy court, including Plaintiff's claim, as contingent, unliquidated, and disputed in unknown amount. (Def.'s Mot. Dismiss Ex. D.) On June 8, 2016, Defendant PMA served a copy of the amended schedule and on June 10, 2016, Plaintiff received a notice of Defendant's bankruptcy filing. (Def.'s Mot. Dismiss Ex. D.; Pl.'s Opp'n Def.'s Mot. Dismiss Ex. B.) Defendant's counsel sent Plaintiff's counsel written correspondence on June 14, 2016, informing him that Plaintiff's Complaint was filed after the bankruptcy petition date and in violation of the stay ordered by the bankruptcy court. (Def.'s Mot. Dismiss Ex. E.) On June 20, 2016, PMA served Plaintiff with the notice of the bar date for filing proofs of claim. (Def.'s Mot. Dismiss Ex. F.) Defendant served the Second Amended Plan of Reorganization and Disclosure Statement on creditors on August 3, 2016, and on September 6, 2016, the Bankruptcy Court entered an order confirming t said Plan. (Def.'s Mot. Dismiss Ex. H.) The Plan was served on all of Defendant's creditors— including Plaintiff— on September 6, 2016. (Def.'s Mot. Dismiss Ex. I.) On November 16, 2016, this Court stayed the instant matter, pending further action by the bankruptcy court. (ECF Doc. No. 8.)

On January 25, 2017, the bankruptcy court granted Defendant PMA's motion for a final decree and closing of the bankruptcy. (Def.'s Mot. Dismiss Ex. J.) Plaintiff was present at the January 30, 2017 hearing and petitioned for relief from the stay imposed by the bankruptcy

filing. (Def.'s Mot. Dismiss Ex. K.) The bankruptcy court denied Plaintiff's Motion for Relief from Stay. (Def.'s Mot. Dismiss Ex. K.) On February 1, 2017, the bankruptcy case was closed and a final decree was entered. (Pl.'s Br. Opp'n Mot. Dismiss 2.)

### III. Discussion

#### A. Plaintiff's Failure to File a Timely Proof of Claim Bars Her Complaint in This Court

Bankruptcy Rule 3003(c) "requires that claimants against an estate in bankruptcy under Chapter 11 file timely proofs of claim in order to participate in a reorganization." *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995). "These proofs of claim must be filed prior to a bar date established by the bankruptcy court." *Chemetron Corp. v. Jones*, 72 F.3d at 346 (citing Fed. R. Bank. P. 3003(c)(3)). It is well established that "after the passage of the bar claims date, a claimant cannot participate in the reorganization unless she establishes sufficient grounds for the failure to file a proof of claim." *Chemetron,* 72 F.2d at 346. When the court is considering whether a creditor's failure to file a proof of claim is excusable, the creditor is afforded the "fundamental principles of due process." *JELD-WEN, Inc. v. Van Brunt (In re Grossman's Inc.)*, 607 F.3d 114, 125 (3d Cir. 2010). "Notice is an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality." *JELD-WEN*, 607 F.3d at 126 (citing 11 U.S.C.S. § 342(a)). "Without notice of a bankruptcy claim, the claimant will not have a meaningful opportunity to protect his or her claim." *JELD-WEN,* 607 F.3d. at 126.

Defendant maintains that Plaintiff's claim is barred due to her failure to file a proof of claim. Indeed, there is no evidence that Plaintiff made any effort to file a claim even after the passing of the bar date on July 8, 2016. Plaintiff was on notice as to Defendant's bankruptcy, as she was served with copies of the amended schedule on June 2, 2016 and June 8, 2016. (Def.'s

4

Mot. Dismiss Ex. D.) On June 10, 2016, Plaintiff's counsel received a copy of Defendant PMA's bankruptcy and on June 20, 2016, served Plaintiff with notice of the bankruptcy court's July 8, 2016 bar date for filing proofs of claim. (Pl.'s Opp'n Def.'s Mot. Dismiss Ex. B; Def.'s Mot. Dismiss Ex. F.) Accordingly, Plaintiff received notice of the bankruptcy on several occasions, yet did not act on these notices. *See*, *Chemetron Corp.,* 72 F.3d at 341 (permitting Plaintiff's motion to file late claims only after the defendant failed to inform Plaintiffs of the general bar date for filing of their claims). Plaintiff was afforded her due process right to notice of Defendant PMA's bankruptcy and was therefore given "meaningful opportunity" to protect her claim. When Plaintiff failed to comply with the procedures of the bankruptcy court in filing a proof of claim, she relinquished her right to protect same. Accordingly, she is not entitled to relief on this basis.

### B. Plaintiff Was Not Entitled to Relief from the Automatic Stay

Relying on 11 U.S.C.S. § 362(d)(1), Plaintiff maintains that this Court has the discretion to permit her employment claim to proceed. (Pl.'s Opp'n Def.'s Mot. Dismiss 6.) Under 11 U.S.C.S. § 362(d)(1) *a bankruptcy court* may grant relief from an automatic stay "for cause." *Bartucci v. O'Neil*, 64 F. App'x 344, 345 (3d Cir. 2003) (emphasis added). The Third Circuit has determined that "only the bankruptcy court with jurisdiction over a debtor's case has the authority to grant relief from the stay of judicial proceedings against the debtor." *Maritime Electric Co. v. United Jersey Bank*, 959 F. 2d 1194, 1204 (3d Cir. 1992). "There are two distinct grounds under which a bankruptcy court shall grant relief upon request of a party." *Bartucci*, 64 F. App'x at 345 (citing 11 U.S.C.S. § 362(d)). One of those distinct grounds is "for cause," while the second pertains to the "stay of an act against property". *Id.* What constitutes "cause" has not been defined by the Bankruptcy Code. However, the Third Circuit has suggested that a showing

of "excusable neglect" may constitute a showing of "cause" under 11 U.S.C.S. § 362(d)(1). *See Hefta v. Official Comm. of Unsecured Creditors (In re Am. Classic Voyages Co.)*, 405 F.3d 127, 133-34 (3d Cir. 2005) (holding that a plaintiff failed to satisfy the standard for "excusable neglect" and thus lacked a showing of "cause" necessary to lift the automatic stay pursuant to 11 U.S.C.S. § 362(d)(1)). "Excusable neglect" is satisfied when a Plaintiff can make a showing of "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993).

As stated above, the determination as to whether or not Plaintiff has shown cause is a determination for the bankruptcy court pursuant to 11 U.S.C.S § 362. *See also*, *Maritime Elec. Co.*, 959 F.2d at 1204. On January 30, 2017, Plaintiff moved for the bankruptcy court to lift the bankruptcy stay, but was unsuccessful in obtaining relief. (Def.'s Mot. Dismiss Ex. K.) The court determined that not only did Plaintiff fail to even raise a claim for excusable neglect by which the court could have potentially granted relief, but that Plaintiff also could not likely satisfy the *Pioneer* elements and was therefore not entitled to relief under any circumstances. (Def.'s Mot. Dismiss Ex. K. 8.) For these reasons, Plaintiff's failure to obtain relief from the stay in the bankruptcy court bars her Complaint from going forward in this Court.

C. **Plaintiff's Complaint is Subject to the Automatic Stay Provision of 11 U.S.C.S. § 362(a)(1) and is Therefore Void**

Defendant contends that because Plaintiff's Complaint is subject to the Automatic Stay Provision of the U.S. Bankruptcy Code, it is thus void *ab initio*. (Def.'s Mot. Dismiss 4.) This Court agrees.

Section 362 of the Bankruptcy Code provides as follows:

> [A] petition filed under [11 U.S.C.S. § 301] . . . operates as a stay that is applicable to all entities of –
>
> > the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C.S. § 362(a)(1).

The scope of this provision "is broad and automatically stays all judicial actions against a debtor seeking recovery on a claim that could have been brought before commencement of the bankruptcy." *Bartucci,* 64 F. App'x 345. "Consolidating all pre-petition claims against the debtor in one collective proceeding before a bankruptcy court is the essence of bankruptcy." *Bartlette v. Kmart Corp.*, 312 F. App'x 441, 442 (3d Cir.2008) (citing *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1207 (3d Cir. 1991)). "Permitting creditors to continue filing claims against the debtor outside of the bankruptcy proceedings would defeat this purpose." *Id*. Accordingly, the Third Circuit has determined that absent any "for cause" showing under Section 362, actions in violation of the automatic stay shall be deemed void. *In re Meyers*, 491 F.3d 120, 128 (3d Cir. 2007).

On or about February 28, 2016, Plaintiff received a right-to-sue letter from the EEOC, which marked the end of the administrative process and gave Plaintiff the green flag to commence suit against Defendant PMA. (Pl.'s Br. Opp'n Mot. Dismiss Ex. A.) Defendant PMA filed its petition for Chapter 11 relief under Section 301 of the Bankruptcy Code on March 24, 2016. (Def.'s Ex. A.) Plaintiff did not file her Complaint with this Court until May 20, 2016—almost two months after Defendant PMA filed for bankruptcy. Regardless of the actual amount

of time Plaintiff had to file her claim upon receipt of the EEOC right-to-sue letter, her Complaint must be rendered void by reason of the fact that she filed said Complaint during the automatic stay in bankruptcy court. Because Plaintiff failed to sustain her burden under Section 362 at the bankruptcy court hearing held on January 30, 2017, she is not entitled to pursue her claims in this Court.

> D. **The Bankruptcy Court's Confirmation of Defendant's Reorganization Plan Effectively Discharged Plaintiff's Complaint**

The Bankruptcy Code provides in part that the confirmation of a plan "discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title." 11 U.S.C.S. § 1141. Specifically, "debtors are discharged from debts that arose prior to the confirmation of a reorganization plan." *Garland v. US Airways Inc.*, 270 F. App'x 99, 102 (3d Cir. 2008) (citing 11 U.S.C. § 1141(d)(1)(a). Under the Code, "debt" is defined as "liability on a claim" and a claim is defined as "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." *Id.* (quoting 11 U.S.C. § 101(5)(A)). The discharge is final unless it was obtained through fraud. 11 U.S.C.S. § 727(d)(1).

Defendant argues that Plaintiff's employment discrimination claim falls within the scope of 11 U.S.C.S. § 1141 and emphasizes that "the bar of the discharge in bankruptcy is insurmountable." (Def.'s Mot. Dismiss 7) (quoting *Fickes v. Tyrone Hosp.*, Civ. No. 2004-85, 2010 U.S. Dist. LEXIS 115504, at *7).[1] Defendant PMA is a limited liability company

---

[1] Specifically, the *Fickes* court held that "[t]he broad definition of the term 'claim' is 'designed to ensure that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case.' A civil action based upon a claim of employment

incorporated and domiciled in the Commonwealth Pennsylvania,[2] therefore said Defendant is a corporate debtor within the meaning of the statute. Plaintiff's pre-petition claim—which was listed in Defendant PMA's schedule as contingent, unliquidated, and disputed in an unknown amount—constitutes a claim within the meaning of the Bankruptcy Code. (Def.'s Mot. Dismiss Ex. D.) As such, the bankruptcy's court's confirmation and subsequent closure of the bankruptcy had the effect of discharging Plaintiff's pre-petition claim.

Although Plaintiff maintains she suffered "willful and malicious injury" by Defendant and is therefore entitled to pursue her discrimination claims, she raises this issue in the wrong forum. (Pl.'s Br. Opp'n Mot. Dismiss 8; Def.'s Reply 1.) As previously discussed, only the bankruptcy court can provide relief from the stay at issue. *Maritime*, 959 F. 2d at 1204. Inasmuch as Plaintiff's Complaint does not constitute an appeal from the bankruptcy court's judgment, this Court proceeds on the premise that Plaintiff's claim has been properly discharged. Accordingly, Plaintiff is precluded from pursuing same in this Court.

---

discrimination is a 'claim' that is dischargeable in bankruptcy. *Fickes*, 2010 U.S. Dist. LEXIS 115504, at *5-6 (citations omitted).

[2] Compl. ¶ 2.

**IV.     Conclusion**

For the reasons set forth above, Defendant's motion shall be granted and Plaintiff's Complaint shall be dismissed with prejudice.[3]

An appropriate Order follows.

> BY THE COURT:
>
> /s/ C. Darnell Jones, II
> _____
> C. Darnell Jones, II    J.

---

[3] Plaintiff's Opposition Brief contains a discussion regarding amendment and asks the court to permit her to do so in lieu of dismissal. (Pl.'s Br. Opp'n Mot. Dismiss 5-6, 9.)  Inasmuch as any attempt to amend would be futile, leave to do so is not warranted.